ROBERT K. SPARKS, ESQ.
Nevada State Bar No. 4757
Law Offices of Robert K. Sparks
7424 West Sahara Avenue
Las Vegas, Nevada 89117
(702) 401-5555
(800) 428-4485 Fax
*Attorney for Plaintiff*
*Veronica Kontilai*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VERONICA KONTILAI,

    Plaintiff,

v.

HSBC CARD SERVICES (III), INC.; HSBC CARD SERVICES, INC.; EQUIFAX INFORMATION SERVICES, LLC.; TRANS UNION, LLC,; EXPERIAN INFORMATION SOLUTIONS, INC.; DOES I through XX, inclusive; and ROE CORPORATIONS I through X, inclusive,

    Defendants.

2:08-CV-0763 RCJ-GWF

**COMPLAINT**

<u>JURISDICTION</u>

1.     This Court possesses jurisdiction pursuant to the FRCA, 15 U.S.C. Section 1681(p), and the doctrine of supplemental jurisdiction. Venue in the Southern Division of the Judicial District of Nevada is appropriate, as Plaintiff's claims arose from acts of the Defendants, and each of them, perpetrated therein.

-1-

## PRELIMINARY STATEMENT

2. Plaintiff's action for damages is founded upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. $1681 *et seq.* (hereinafter "FCRA"), and of state law obligations brought as supplemental claims.

3. Plaintiff is a natural person and is and was a resident of the State of Nevada and the United States, at all times relevant hereto. Plaintiff is also a "consumer" as defined by $1681a(c) of the FCRA.

4. Upon information and belief, Defendant HSBC CARD SERVICES (III) INC. (hereinafter "HSBC(III)"), is a Nevada corporation, duly licensed to conduct business and conducting business in the County of Clark, State of Nevada, as an affiliate of HSBC Bank Nevada, N.A.

5. Upon information and belief, Defendant HSBC CARD SERVICES INC. (hereinafter "HSBC"), is a Delaware corporation, conducting business in all fifty (50) states, including the County of Clark, State of Nevada, as an affiliate of HSBC Bank Nevada, N.A.

6. Upon information and belief, Defendant EQUIFAX INFORMATION SERVICES, LLC. (hereinafter "EQUIFAX"), is a Georgia limited liability company, conducting business in all fifty (50) states, including the State of Nevada.

7. Upon information and belief, Defendant TRANS UNION, LLC (hereinafter "TRANS UNION"), is an Illinois limited liability company, conducting business in all fifty (50) states, including the State of Nevada.

8. Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "EXPERIAN"), is a corporate entity licensed to do business in all fifty (50) states, including the State of Nevada.

9. The amounts in controversy in this matter are within the jurisdiction of this Court and the acts, errors and omissions alleged against Defendants HSBC(III) and HSBC arise from a contractual relationship established in Clark County, Las Vegas, Nevada pursuant to the HSBC Defendants offering credit to Nevada residents, including Plaintiff.

10. EQUIFAX, TRANS UNION and EXPERIAN are consumer reporting agencies, as defined in $1681(f) of the FCRA, and are engaged in the business of compiling, evaluating and disseminating information regarding consumers, for the purpose of furnishing consumer reports, as defined in $1681a(d) of the FCRA, to third parties.

11. The names and capacities of the Defendants named herein as DOES I through XX and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES I through XX and/or ROE CORPORATIONS I through X, inclusive, are responsible for the events and happenings referred to herein and said Defendants caused damages to Plaintiff as alleged herein. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of DOES I through XX and ROE CORPORATIONS I through X, inclusive, when the same have been ascertained and to join such other Defendants in this action.

## GENERAL ALLEGATIONS

12. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 11, inclusive, of this Complaint as though the same were fully set forth at length herein.

13. Plaintiff's creditworthiness has been repeatedly compromised by the acts, implacability and indifference of the Defendants, and each of them.

14. Plaintiff applied for a secured Orchard Bank MasterCard (the "Credit Card") which card was issued by HSBC and/or HSBC(III) (collectively hereinafter referred to as "HSBC") on or about June, 2006.

15. Plaintiff provided HSBC with the required deposit of five thousand dollars ($5,000.00) (the "Deposit Funds") to obtain the secured Credit Card.

16. Plaintiff utilized the Credit Card and provided payment to HSBC in accordance with the terms and conditions of their agreement.

17. On or about January 4, 2007, Plaintiff contacted HSBC by telephone and requested that her Credit Card account be closed, that all remaining liabilities be subtracted from the Deposit Funds and that the remaining balance be returned.

18. Plaintiff was informed that the Credit Card account would be closed, in accordance with Plaintiff's request, upon HSBC receiving written confirmation of same.

19. On or about January 5, 2007, Plaintiff forwarded correspondence to HSBC confirming her request that her Credit Card account be closed, that all remaining liabilities be subtracted from the Deposit Funds and that the remaining balance be returned.

20. On or about November 2007, Plaintiff applied for a home loan and was denied favorable terms due to her credit core being adversely affected by alleged "delinquent payments" to HSBC.

21. On or about November 25, 2007, Plaintiff obtained a copy of her credit report and became aware of the fact that HSBC had failed to debit from the Deposit Funds any remaining amounts due and, as a result of that failure, reflected a number of "late" payments on Plaintiff's Credit Card account.

22. The credit report lists no other negative accounts except for the account reported by HSBC.

23. HSBC did not inform Plaintiff that any remaining amounts due on the Credit Card account would not be debited from the Deposit Funds, causing Plaintiff to believe that the Credit Card account was paid in full and no further payment was due.

24. HSBC falsely reported late payments on her Credit Card account (the "False Reports").

25. Plaintiff is informed and believes that the False Reports have resulted in adverse action relative to Plaintiff's efforts to obtain financing.

26. In late November 2007, Plaintiff contacted HSBC to notify HSBC of the inaccurate reporting of late payments, to demand immediate correction of the False Reports and to request detailed information regarding the activity on her Credit Card account.

/ / /

/ / /

27.     On or about December 7, 2007, Plaintiff received from HSBC a series of letters with detailed account information. Of the twenty-two (22) letters received, six (6) stated in pertinent part: "...Unfortunately, we are not able to provide all the information you requested. We regret any inconvenience this may cause you..."

28.     On or about December 14, 2007, Plaintiff retained counsel to contact HSBC in an effort to obtain deletion of the False Reports from Plaintiff's credit report. Counsel immediately forwarded correspondence to HSBC, via facsimile, notifying HSBC of the False Reports, providing copies of relevant documentation and demanding that the reporting to the credit bureau be corrected.

29.     On or about December 18, 2007, Plaintiff received correspondence from HSBC requesting Plaintiff's signature and authorization to "...make changes to the cardmember's credit bureau..."

30.     On or about December 19, 2007, Plaintiff forwarded written authorization to HSBC pursuant to its request.

31.     On or about December 21, 2007, Plaintiff's counsel forwarded additional correspondence to HSBC confirming the providing of Plaintiff's written authorization and requesting immediate contact regarding the False Reports. No response was ever received.

32.     On or about December 27, 2007, Plaintiff's counsel forwarded additional correspondence to HSBC confirming that no response to Plaintiff's demand had been received and again attempting to resolve the issue of the False Reports in order to avoid further damage resulting from denial of favorable home loan terms arising from the negative impact of HSBC's False Reports on Plaintiff's credit score.

33.     As of the date of the filing this Complaint, neither Plaintiff nor her counsel has been further contacted by HSBC.

34.     On or about April 4, 2008, Plaintiff forwarded correspondence to the credit reporting agencies, EQUIFAX, TRANS UNION and EXPERIAN (collectively "Credit Agencies"), requesting correction of the False Reports and enclosing documentation in support of same.

35.     On or about April 15, 2008, Plaintiff received a response from EQUIFAX stating only that the account is "currently reporting as closed" and failing to address the specific issue raised and the information provided by Plaintiff.

36. On or about April 25, 2008, Plaintiff received a response from EXPERIAN stating that the "item has been verified as accurate" and failing to address the specific issue raised and the information provided by Plaintiff.

37. To date, Plaintiff has received no response from TRANS UNION.

## STATEMENT OF CLAIMS AGAINST HSBC DEFENANTS

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint as though the same were fully set forth at length herein.

39. At all times relevant to the subject claims, their existed a valid and enforceable agreement, duly entered between Plaintiff and HSBC (the "Agreement").

40. Pursuant to the Agreement, Plaintiff had a duty to timely provide payments to HSBC upon use of the Credit Card and making charges thereto.

41. Pursuant to the Agreement, HSBC had various duties including, but not limited to accurately reporting to the credit bureau, information relating to the payment history of Plaintiff.

42. On or about February, May and June, 2007, HSBC inaccurately reported to the credit bureau that Plaintiff made late payments and that information now appears on Plaintiff's credit report.

43. Plaintiff has demanded that HSBC immediately notify the credit bureau of the inaccurate reports and that HSBC request that the reports be deleted from Plaintiff credit report.

44. HSBC has failed and/or refused to request deletion of the inaccurate reports.

45. The refusal of HSBC to request deletion of the inaccurate reports, in accordance with the terms of the Agreement, constitutes a breach of the duties of HSBC under the Agreement.

46. In every Nevada contract, there exists an implied covenant of good faith and fair dealing, requiring each party to act in good faith and to refrain from engaging in conduct which would deprive the other of the benefit of the contract.

47. HSBC has a duty under the Agreement to accurately report information relating to Plaintiff's account to the credit bureau.

48.     HSBC acted in bad faith and caused adverse action to the credit status of Plaintiff by failing/refusing to accurately present credit information to the credit bureau.

49.     HSBC failed to timely respond and act upon Plaintiff's repeated demands for cooperation in obtaining deletion of the inaccurate information from her credit report, which conduct constitutes a breach of the implied covenant of good faith and fair dealing.

50.     As a furnisher of credit information, HSBC is subject to the requirements of 15 U.S.C. §1681 ("Act").

51.     In particular, HSBC is subject to Section 623(a)(1)(A) of the Act at 15 U.S.C. §1681s-2, which states: "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

52.     In providing inaccurate and false information regarding Plaintiff's account to the credit bureau, HSBC acted in violation of the Act.

53.     As a direct and foreseeable consequence of HSBC's violation of the Act, Plaintiff has suffered adverse action relative to her credit related activities and has been denied credit that would have been issued but for the false reporting by HSBC.

## STATEMENT OF CLAIM AGAINST EXPERIAN, TRANS UNION AND EQUIFAX

54.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 53, inclusive, of this Complaint as though the same were fully set forth at length herein.

55.     Throughout the course of action undertaken by the Credit Agencies, and each of them, Defendants willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a)     By willfully and/or negligently failing to follow reasonable procedures to assure maximum possible accuracy of the information reflected in Plaintiff's credit report.

   b)     By willfully and/or negligently failing to comply with FCRA $1681i.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VERONICA KONTILAI, prays for relief and an award of damages against Defendants, and each of them, as follows:

    a)    actual damages;

    b)    punitive damages:

    c)    attorney's fees; and

    d)    costs.

Respectfully submitted this 12 day of June 2008

ROBERT K. SPARKS, ESQ.
Nevada State Bar No. 4757
The Law Offices of Robert K. Sparks
7424 West Sahara Avenue
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*
*Veronica Kontilai*